**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL NO. 73, | ) ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) | Hon. Judge |
| D.V.C.J. COMPANY LLC, an Illinois Limited liability company, | ) ) ) | Magistrate Judge |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL NO. 73 ("Local 73") by and through its attorneys, GREGORIO & MARCO, Ltd. complains against Defendant, D.V.C.J. COMPANY LLC, an Illinois limited liability company ("DEFENDANT") of its failure to enforce a final and binding arbitration decision, and alleges as follows:

### JURISDICTION & VENUE

1. This matter arises under the laws of the United Sates and this Court has jurisdiction of this matter pursuant to Section 301 of the Labor Management Relations Act, ("LMRA") 29 U.S.C. 185, and 28 U.S.C. 1337.

2. Venue is proper in this judicial district pursuant to 29 U.S.C. §185(a).

3. Local 21 is a labor organization within the meaning of 301 of the LMRA and maintains its principal office in Hillside, Illinois

1

4. Local 73 is the collective bargaining representative of certain employees of DEFENDANT.

5. DEFENDANT is an employer in an industry affecting commerce within the meaning of § 301 of the LMRA and provides services in Chicago, Illinois.

## FACTS

6. On or about July 27, 2015, **DEFENDANT** entered into an Agreement with the Plaintiff Union **(Exhibit A – Supplemental Agreement)** whereby it agreed to be bound by a Collective Bargaining Agreement or Agreements whose terms require **DEFENDANT** to pay fringe benefits to the Trust Funds.

7. Article VI Section 6.15 of the collective bargaining agreement ("CBA") provides that the Employer agrees to be bound by all terms of a Joint Audit and Collection Program.

8. Article VI Section 6.15 of the CBA also incorporates by reference the Joint Audit and Collection Program.

9. Article II Section (C)(6) of the Joint Audit and Collection Program ("JACP") requires that an employer submit any challenges to an audit within 30 days from receipt of the audit.

10. Article II Section (C)(14) of the JACP states that if an Employer does not file a request for review, the Employer will be deemed to have waived its right to review.

11. Article II Section (C)(14) of the JACP provides that in the event an employer does not submit a request for review, the Collection Committee shall refer the audit to the Joint Arbitration Board to enter an award for the full audit amount.

12. On January 25, 2018, a fringe benefit compliance audit was sent to **DEFENDANT.**

13. **DEFENDANT** failed to timely respond to the audit pursuant to the requirements of the Joint Audit and Collection Program.

14. Pursuant to the Joint Audit and Collection Program, the Collection Committee referred **DEFENDANT's** audit to the Joint Arbitration Board to enter an award for the full amount of the audit.

15. On or about May 9, 2018, the Joint Arbitration Board award entered an award against **DEFENDANT** in the amount of $64,707.28, which is the full amount of the audit. (**Exhibit B – JAB Award).**

16. A copy of the award was sent to **DEFENDANT** on May 9, 2018.

WHEREAS, Local 21 requests that this Court issue an order as follows:

A. Confirm the Joint Arbitration Board's final and binding decision;

B. Awarding Local 73 its reasonable costs and attorneys fees incurred in this matter;

C. Granting such further relief as this Court deems just and proper.

        Respectfully submitted,
        **Sheet Metal Workers Local 73**

        By: /s/Grant R. Piechocinski
            One of their attorneys

Grant R. Piechocinski
GREGORIO & MARCO, Ltd.
2 N. LaSalle St., Suite 1650
Chicago, IL 60602
(312) 263-2343